# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 25, 2011

No. 10-51191
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

DWAYNE CHARLES LOVE, also known as Dewayne Charles Love,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:10-CR-90-1

Before BARKSDALE, STEWART, and PRADO, Circuit Judges.

PER CURIAM:[*]

Dwayne Charles Love appeals his jury-trial conviction for knowingly transporting, or attempting to transport, an individual in interstate commerce, with intent that the individual engage in prostitution and sexual activity for which a person can be charged with a criminal offense, and aiding and abetting the same, in violation of 18 U.S.C. §§ 2, 2421. Love contends only that the district court reversibly erred by admitting extrinsic evidence of Love's prior involvement in prostitution.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-51191

Under Federal Rule of Evidence 404(b), "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith" but is "admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident". Our court reviews "the admission of Rule 404(b) evidence for an abuse of discretion with a heightened review in criminal cases". *United States v. Olguin*, 643 F.3d 384, 389 (5th Cir. 2011), *petition for cert. filed* (Aug. 31, 2011) (No. 11-6184). (Regarding the admission of evidence, reversible error occurs only if the court erred in admitting evidence and the error affected a substantial right. FED. R. EVID. 103(a).)

Love fails to show the extrinsic evidence was inadmissable under our court's two-prong standard, enunciated in *United States v. Beechum*, 582 F.2d 898, 911 (5th Cir. 1978) (en banc). Under that standard, the court first determines whether "the extrinsic evidence is relevant to an issue other than the defendant's character". *Id.* Next, the court examines whether the evidence possesses "probative value that is not substantially outweighed by its undue prejudice". *Id.* Love pleaded *not* guilty and adamantly contested his intent to prostitute the individual, rendering the extrinsic evidence relevant to something besides his character, and probative of intent. *Olguin*, 643 F.3d at 389; *Beechum*, 582 F.2d at 914. And although the Government offered other evidence of Love's intent—through testimony by police, the victim, and an expert witness, the extrinsic evidence corroborated that testimony and, therefore, had significant probative value. *See United States v. Chavez*, 119 F.3d 342, 347 (5th Cir. 1997) (finding no abuse of discretion in admitting evidence of prior conviction when the Government's other evidence supporting conviction was circumstantial or weak, and other *Beechum* factors were satisfied).

Further, the "overall similarity" of the extrinsic evidence and the offense charged was great. *Beechum,* 582 F.2d at 915. In both instances, Love was apprehended with a young woman in a hotel room with a laptop computer, with

2

No. 10-51191

similar evidence that sexual activity had occurred. And, the extrinsic act occurred near to when the charged offense occurred (about one year before). Finally, the district court gave a limiting instruction before both the testimony and when the jury deliberated.

AFFIRMED.